## MUNSON *v.* MAYOR, ETC., OF NEW YORK.

*(Circuit Court S. D. New York.   1884.)*

PATENTS FOR INVENTIONS — SUSPENSION OF INJUNCTION — PUBLIC INTEREST — INCONSISTENT CONTENTIONS.

    After a final decree establishing an exclusive right to the use of a patent and awarding an injunction to protect it, the injunctions will not be suspended while the decree stands unreversed, unless some extraordinary cause outside of the interests of the parties is shown. Public necessity may be a cause for such suspension; but the defendant, after insisting that the invention is of no use and benefit, and thus defeating the orator's claim for substantial damages on account of infringement, will not be heard to allege that it is of such public importance as to warrant a court in suspending the injunction.

In Equity.

*Royal S. Crane,* for orator.

*Frederic H. Betts,* for defendant.

WHEELER, J.    This cause has now been heard on a motion to suspend the injunction heretofore granted, during the pendency of an appeal from the final decree awarding to the orator a merely nominal sum for profits and damages, and a small balance of costs of the suit.    After a decree on final hearing, establishing an exclusive right, and awarding an injunction to protect the right, the injunction is not suspended unless some extraordinary cause is shown to exist outside the rights of the parties established by the decree.    *Potter* v. *Mack,* 3 Fisher, Pat. Cas. 428; *Brown* v. *Deere,* 6 FED. REP. 487. This patent is for a register to preserve for safety, and convenience of reference, paid bonds and coupons.    The defendant used the patented register for this purpose as any corporation, partnership, or individual issuing and redeeming coupon bonds would.    The use by the defendant is not public any more than such use would be, nor any more than any business transaction of the city is.    The city is a public municipal corporation, and a large part of the public have a pecuniary interest in its financial transactions of all kinds, and this is all the interest of the public in this question.    It does not affect the convenience, enjoyment, or business of the individuals composing the public, at all.    It touches only the convenience of the officers whose duty it is to preserve the bonds and coupons safely, and refer to them when necessary.    On the accounting it was insisted on behalf of the defendant that this convenience was of no value or benefit, and with such success that a decree has been entered to that effect. It does not now seem to be equitable and just, in view of that result, to allow that a deprivation of that convenience is too grievous to be borne.    The orator, as the case now stands, is entitled to the exclusive use of his patented invention.    If the injunction should be suspended during the appeal, and the decree be affirmed, the orator would be left to another accounting, either in a new suit or under some order in this one, which, if it should follow the former result, would be much worse than fruitless.    The appeal really involves nothing, so far, but the costs of suit.    There seems to be no reason why the orator's right to his monoply should not be protected in the usual modes; in fact, it does not appear that they can be fully protected but by this injunction; the motion cannot therefore justly be sustained.

Motion denied.