THE GLENDALE.

EVICH v. THE GLENDALE.

(District Court, E. D. Virginia. January 4, 1897.)

ADMIRALTY JURISDICTION—STATE STATUTES—LIEN FOR WRONGFUL DEATH.

A state statute giving a right of suit in rem to the personal representative of a person whose death is caused by the wrongful act of a vessel (Code Va. § 2902) creates a lien, and may be enforced by a libel in rem in the federal court, when the injury occurs in waters of the state navigable from the sea.

This was a libel in rem by Phillip B. Evich against the steam tug Glendale to recover damages for wrongfully causing the death of plaintiff's intestate, Joseph Evich.

Pollard & Sands, for libelant.
William Flegenheimer, for the Glendale.

HUGHES, District Judge. About 8 o'clock p. m., near dusk, on June 7, 1895, Joseph Evich, a lad about 12 years old, in company with his father, Phillip B. Evich, and with two other men, J. L. Ebenhack and Richard Coleman, was in a small boat in James river, half a mile below Richmond, engaged in fishing with a seine. The steam tug Glendale, then coming down the river, under command of E. A. Craddock, ran into the rowboat, and capsized it, by which act all in the rowboat were thrown into the water, and Joseph Evich was drowned. The Glendale was owned by H. and E. J. Furman, partners under the firm name of Furman Bros. The father, Phillip B. Evich, as administrator of his son Joseph, deceased, brings this libel in rem against the Glendale, claiming $10,000 damages for the loss of the services of his son.

The evidence shows that it was still daylight at the time of the accident, and that objects as large as a rowboat could be seen

on the water at a distance of 600 yards. The rowboat was near the bank of the river when run down, and was sunk in 9 feet of water; the depth of water in the channel of the river there being 15 feet. The evidence taken in the case is exceedingly voluminous. I cannot undertake to analyze it or discuss it in detail. I am conclusively of opinion that the tug Glendale was carelessly and improperly, not to say wildly, navigated on the occasion, and is responsible for whatever damages may have been caused by the collision, and for the death of young Evich.

Section 2902 of the Code of Virginia gives a lien, in giving a right to sue in rem, to the personal representative of a person whose death has been caused by the wrongful act of any ship or vessel in any case in which the deceased, if alive, would have been entitled to sue for such wrongful act. In the case at bar the wrongful act was committed on waters navigable from the sea. It is therefore within the admiralty jurisdiction, the cause of action being a maritime tort.

The main question in the case is whether the administrator of the deceased can bring a libel in admiralty against the offending steamer. The right of a personal representative to sue for a tort which caused the death of a deceased person did not exist at common law in any court. This right of suit exists solely by force of legislation. It was given in England by Lord Campbell's act, and has been given in most of the states of this Union by special statute. It has been given in Virginia, as already stated, by section 2902 of our Code. This right of the personal representative to sue for damages from the death of a deceased person, given by many of the states, being purely the creation of local statute, it is a question, which has been much discussed of late, whether the existence of this general right of action is a sufficient basis to warrant a personal representative in bringing a libel in admiralty to enforce the right in cases where the tortious death was caused on waters within the admiralty jurisdiction; the general principle being that the admiralty jurisdiction is not the creation of local statute.

In an elaborate and carefully considered opinion in the case of The City of Norwalk, 55 Fed. 98 et seq., Judge Brown, of the district court of the Southern district of New York, has discussed this question exhaustively, and affirmed the right of a personal representative to maintain such a libel in such a case. I concur entirely in the reasoning and conclusions of Judge Brown. The decisions of the United States supreme court in the cases of The Harrisburg, 119 U. S. 199, 7 Sup. Ct. 140, and The Corsair, 145 U. S. 345, 12 Sup. Ct. 949, are not in conflict with the conclusion at which Judge Brown arrived on this question. In the case of The Harrisburg, that court, without passing upon the question which has been stated, simply held that, if the right of a personal representative to sue in admiralty in such a case existed, the suit must be brought within the time prescribed for such actions by state legislation. So, also, in the case of The Corsair, the supreme court held that such a suit as we have under consideration cannot be brought unless a lien upon the offending ship is expressly created by the law establishing the liability.

In the case at bar the action has been brought within the period of legislation limited by our Code, and section 2902 of the Code does create a lien in rem upon the offending ship. I am of opinion, therefore, that it was competent for the administrator of Joseph Evich to bring this libel in this court for the cause of action set out by the libelant. I will give an order referring it to one of the commissioners of the court to inquire and report the amount of damages proper to be awarded the libelant in this case.