TYLER et al. v. T. E. RICH CO.

(Circuit Court, D. Massachusetts. June 9, 1897.)

No. 393.

PATENTS—VALIDITY AND CONSTRUCTION—INFRINGEMENT.

In the Tyler patent, No. 389,826, for improvements in machines for smoothing and finishing blind slats, the "wedges for regulating the pressure of the springs" *held* to be an essential element of the third claim; and said claim *held* valid and infringed.

This was a suit in equity by Arthur F. Tyler and others, trustees, against the T. E. Rich Company, for alleged infringement of letters patent No. 389,826, to Arthur F. Tyler, for improvements in machines for smoothing and finishing blind slats. On final hearing.

Chas. C. Morgan and John S. Richardson, for complainants.
William S. B. Hopkins, for defendant.

COLT, Circuit Judge. The bill in this case is brought for the infringement of a patent granted to Arthur F. Tyler, September 18, 1888, for improvements in machines for smoothing and finishing blind slats. The patentee declares that his "invention consists in certain novel combinations of parts and details of construction." The charge of infringement is confined to the third claim, which reads as follows:

"(3) In a machine for smoothing and finishing blind slats, the combination, with the shafts, c, c, and the abrading disks, C, C, of the pressure springs,

h², h², pivoted at one end, and adapted to be swung back out of the way of said shafts, said springs being provided with wedges for regulating the pressure of the springs, substantially as and for the purpose set forth."

With respect to this claim, the questions in controversy are—First, whether the wedges are a material element of the claim; and, second, whether the defendant, in its machine, uses wedges or an equivalent therefor.

Upon the first point, it seems to me that from the language of the claim, taken in connection with the proceedings in the patent office, the "wedges for regulating the pressure of the springs" must be considered a material element of the combination.

Upon the second point, we find that in place of the notched wedges with fixed pins, contained in the Tyler device, the defendant uses movable stop pins adjustable in holes. In mode of operation, and in the result produced, the movable pin adjustable in holes is plainly an equivalent of the stationary pin and notched wedge of the Tyler machine.

It is also contended that the Tyler machine was in public use for more than two years prior to the application for the patent. Upon careful examination of the testimony, I am of the opinion that although the patented machine was in process of development, or in an experimental stage, for a number of years, the machine was not perfected until within a few months prior to the application for the patent. The defendant's machine infringes the third claim of the Tyler patent, and a decree may be drawn accordingly. Decree for complainants.