## THE ONOKO.

(Circuit Court of Appeals, Seventh Circuit. April 9, 1901.)

No. 688.

MARITIME LIENS—WRONGFUL DEATH—STATUTORY ACTION FOR DAMAGES.

The wrongful death statutes of both Illinois and Wisconsin give a right of action in behalf of the next of kin of the deceased to recover the damages sustained by them against the person or corporation causing such death. The water-craft statutes of both states make a vessel liable for

all damages arising from injuries done to person or property by such vessel. *Held*, that such water-craft laws were not intended to give a lien in favor of the next of kin of persons killed by the negligent navigation of a vessel, but only in favor of those directly injured in person or property, and that a suit in rem for wrongful death of a person killed as the result of a collision, based upon the statute of either state, cannot be maintained in a court of admiralty against the vessel charged with being in fault for the collision.[1]

In Admiralty. Appeal from the District Court of the United States for the Northern District of Illinois.

This is a libel in rem, filed by the administrator of the estates of the master, a seaman, and the cook of the schooner Mary D. Ayer, to recover damages for their deaths by drowning resulting from a collision between the steamer Onoko and the schooner Mary D. Ayer, charged to have been caused by the faulty navigation of the steamer. The collision occurred upon Lake Michigan within the boundaries of the state of Illinois. The schooner, after the collision, drifted down the lake, sinking, and the resulting deaths by drowning occurring, within the boundaries of the state of Wisconsin.

By chapter 70 of the statutes of Illinois (2 Starr & C. Ann. St. [2d Ed. 1896] p. 2155), it is provided:

"(1) Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action to recover damages in respect thereof, then and in every such case the person who, or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony.

"(2) Every such action shall be brought by and in the names of the personal representatives of such deceased person, and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin, in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate; and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death to the wife and next of kin of such deceased person, not exceeding the sum of $5,000."

This statute was first enacted February 12, 1853 (Laws 1853, p. 97), and is a copy of the New York statute enacted in 1847, which is substantially a copy of the first two sections of the statute of 9 & 10 Vict. c. 93, passed in 1846, commonly called "Lord Campbell's Act."

The water-craft law of Illinois (1 Starr & C. Ann. St. [2d Ed.] c. 12, par. 1, p. 476) provides that: "Every vessel, steamboat, steam-dredge, tugboat, scow, canal boat, barge, lighter and other water craft of above five tons burthen used or intended to be used in navigating the waters or canals of this state, or used in trade or commerce between ports and places within this state, or having their home port in this state, shall be subject to a lien thereon. * * * Fifth: For all damages arising from injuries done to persons or property by such water craft, whether the same are aboard said vessel or not, where the same shall have occurred through the negligence or misconduct of the owner, agent, master, or employe thereon."

The statute of Wisconsin (2 Sanb. & B. Ann. St. Wis. 1898, § 4255) is practically the same as paragraphs 1 and 2, c. 70, of the Illinois statutes, but contains a proviso "that such action shall be brought for a death caused in this state." The water-craft law of Wisconsin (2 Sanb. & B. Ann. St. Wis. 1898, c. 144), provides: "Section 3348. Every ship, boat or vessel used in navigating the waters of this state shall be liable for, and the claims and demands hereinafter mentioned shall constitute a lien upon such ship, boat or

---

[1] Maritime liens for torts, see note to The Anaces, 34 C. C. A. 565.

vessel which shall take precedence of all other claims or liens thereon. * * * (4) For all damages arising from injuries done to persons or property by such ship, boat or vessel."

Exceptions to the libel were sustained, and the libel dismissed (The Onoko [D. C.] 100 Fed. 477), whereupon the libelant appealed.

Robert Rae, for appellant.

Charles E. Kremer, for appellee.

Before WOODS, JENKINS, and GROSSCUP, Circuit Judges.

JENKINS, Circuit Judge, after the foregoing statement of the case, delivered the opinion of the court.

Certain propositions, as stated by this court in Bigelow v. Anderson's Adm'r, 34 U. S. App. 261, sub nom. Bigelow v. Nickerson, 17 C. C. A. 1, 70 Fed. 113, 30 L. R. A. 336, we understand to be settled by the ruling of the ultimate tribunal, namely: (1) That at the common law no civil action would lie for an injury resulting in death; (2) that, in the absence of proper legislation, no proceeding in the admiralty would lie for negligent injury causing death on the high seas or the navigable waters of the United States; (3) that, in the absence of legislation by the congress, if a state statute gives a right of action touching a subject of a maritime nature, the admiralty will administer the law within the jurisdiction of such state by a proceeding in rem if the statute grants a lien, or in personam, no lien being granted. The latter proposition seems to be established by the decision in The Corsair, 145 U. S. 335, 347, 12 Sup. Ct. 949, 36 L. Ed. 727. That case arose out of a collision taking place on the Lower Mississippi, within the jurisdiction of the state of Louisiana; and it was held that under the Revised Civil Code of Louisiana (article 2315), which declares that: "Every act whatever of man that causes damages to another obliges him by whose fault it happened to repair it. The right of this action shall survive in case of death in favor of the minor children or widow of the deceased, or either of them, and in default of these in favor of the surviving father or mother, or either of them, for the space of one year from the death. The survivors above mentioned may also recover the damages sustained by them by the death of the parent, or child, or husband, or wife, as the case may be,"—a merely personal action was contemplated, and that the act contained no intimation of a lien or privilege upon a vessel necessary to give a court of admiralty jurisdiction to proceed in rem. The attention of the court does not seem to have been called to subdivision 12 of article 3237 of the Revised Civil Code of Louisiana, which provides that, "where any loss or damage has been caused to the person or property of any individual by any carelessness, neglect or want of skill in the direction or management of any steamboat, barge, flatboat, water-craft, or raft, the party injured shall have the privilege to rank after the privileges above specified."

The question whether the admiralty has jurisdiction to entertain proceedings in rem for damages occasioned by loss of life under the admiralty court act of England, which provides a lien for "damage done by any ship," has been the subject of much discussion and some difference of opinion in the courts of that country. The question,

however, was conclusively determined by the house of lords in The Vera Cruz, 10 App. Cas. 59, 5 Asp. 386, and against the jurisdiction. It was there held that Lord Campbell's act, giving an action for death caused by neglect or default, had reference only to a personal action against the one causing the wrong, and had no reference to an inanimate instrument or thing like a ship, and that no lien or privilege upon the vessel was conferred for such a wrong under the general words "damage done by any ship." Undoubtedly, in this country, since the decision in The Corsair, the general trend of opinion in the lower courts has been to the effect that the water-craft laws of the various states give a lien upon the vessel for injuries occasioning death. The Transfer No. 4, 20 U. S. App. 570, 9 C. C. A. 21, 61 Fed. 364; The Willamette, 14 U. S. App. 26, 18 C. C. A. 366, 70 Fed. 874; The Glendale (D. C.) 77 Fed. 906, affirmed upon that point 42 U. S. App. 546, 26 C. C. A. 500, 81 Fed. 633; The Oregon (D. C.) 73 Fed. 846, affirmed 48 U. S. App. 430, 26 C. C. A. 665, 81 Fed. 876, The Anaces (D. C.) 87 Fed. 565, 567. In all these cases, with the exception of The Glendale, the act supposed to grant the lien is an independent act, and in no way connected with the act giving the action for the death. In The Glendale the provision granting the lien is part of the very act giving the right of action. Code Va. § 2902. In The Albert Dumois, 177 U. S. 240, 20 Sup. Ct. 595, 44 L. Ed. 751, the owner of the steamer Argo filed a libel against the Albert Dumois for a negligent collision within the jurisdiction of the state of Louisiana. The owner of the latter vessel filed a petition for limitation of liability. The mother of a passenger on board the Argo then filed a libel in personam against the owner of the Albert Dumois, claiming damages for the death of her son through the negligence of the Albert Dumois. That suit was consolidated with the libel filed by the owner of the Argo. After the appraisement of the Albert Dumois and the filing of a stipulation to pay the amount of the appraisement into court, further proceedings against the steamer and her owner were enjoined, and all persons claiming damages by reason of the collision were required to appear, and make proof of their claims. Thereafter, the widow of another passenger on the Argo filed an intervening petition under the limited liability proceedings, claiming damages for the death of her husband by reason of the collision; and, afterwards, the owner of the Argo filed a surrender of his vessel and pending charter money to the intervening claimants against the Dumois, and prayed for relief under the limited liability act. The district court decreed that the collision was caused solely by the fault of the Dumois, and decreed damages to the interveners for the deaths resulting from the negligent collision, and to the owner of the Argo for the loss of that vessel. The circuit court of appeals reversed the decree, holding both vessels to be in fault for the collision, and that, as between the owners of the vessels, the damages should be divided. Thereupon the cause was removed upon writs of certiorari to the supreme court. That court affirmed the decree of the circuit court of appeals, and in its opinion considered the question whether a moiety of the amounts awarded to the interveners for damages occasioned by the deaths should be deducted from the amount recoverable by the owner of the

Argo, and it was urged by the owner of the Dumois that the interveners had liens upon the Argo for a moiety of their damages under the water-craft law of Louisiana. The court, in the discussion of this question, referred approvingly to the case of The Vera Cruz, 10 App. Cas. 59, mistakenly called The Franconia in the opinion, and said, with reference to the water-craft law of Louisiana:

"The object of article 3237 was not to extend the cases in which damages might be recovered to such as resulted in death, but merely to provide that in cases of damages to person or property, where such damage was occasioned by negligence in the management of any water craft, the party injured should have a privilege or lien upon such craft. We deem it entirely clear that the article was not intended to apply to cases brought by the representatives of a deceased person for damages resulting in death."

The court thereafter observed that under the limited liability act, although there was no lien, it did not follow that there could be no deduction of a moiety of the damages from the sum awarded to the Argo, because that question was settled by the case of Butler v. Steamship Co., 130 U. S. 527, 9 Sup. Ct. 612, 32 L. Ed. 1017, in which it was held that the law of limited liability of shipowners covered all personal liability of the owner for acts done without his privity or knowledge by or upon the ship, as well as those liabilities for which the ship is holden. It is urged that the declaration of the opinion upon the subject of the lien is dictum, because it was adjudged that under the limited liability act damages by reason of death were recoverable, although no lien upon the vessel was allowed. We do not think this contention should prevail. The question was, as we read the opinion, whether a moiety of those damages should be charged upon the amount awarded to the owner of the Argo upon the ground that the interveners had liens upon the Argo, and that, having such liens, the court was justified in deducting from the amount awarded to the owner of the Argo a moiety of the damages awarded to the interveners. We may not consider this declaration of the supreme court as merely dictum, but, if the matter were doubtful, we should not feel at liberty to disregard this carefully considered deliverance of the supreme court upon the subject.

It is to be observed that Lord Campbell's act, so to call it, of Louisiana, is broader than those of the states of Illinois and Wisconsin. The former provides that the right to an action for injury to another shall survive, in case of his death, in favor of his representatives, and that they may also recover the damages sustained by them for such death. It would seem to do away with the rule of the common law that causes of actions for negligent injuries do not survive. It would seem to give to the survivors a right to recover for the injury done to their decedent, as well as the damages accruing to them by reason of the death. The statutes of Illinois and Wisconsin, on the other hand, give the action to the survivors for the pecuniary damages resulting to them from such death, and not for any injury done to the decedent. It is a question of the pecuniary value to the survivors of the life destroyed. Hunt v. Kile, 38 C. C. A. 641, 98 Fed. 49. It is an action growing out of the relationship to one whose life has been destroyed through negligent injury, and the recovery is for

the loss sustained by his death, the direct pecuniary loss resulting to the survivors arising from their dependence upon that life, and not because of injuries suffered by the decedent. It is also to be noted that the acts impose liability upon "the person who, or company or corporation which, would have been liable if death had not ensued," manifestly contemplating a personal action against the individual or corporation guilty of the negligent act causing death. It is also to be said that the water-craft law contemplates a lien for direct injuries done by the inanimate thing negligently navigated, and would not seem to comprehend such injury as is contemplated by the act granting a right of action for a death. The injury for which a lien is given is a direct injury by the negligently navigated craft to person or property. By reason of the faulty navigation and consequent collision no injury was done to the person of the libelant, or to the persons of those he represents. Nor was injury done to his or their property. They had no property right in the person of the deceased. The right of action arose only upon and because of his death. The recovery is allowed as compensation for the supposed support and education which they would have received had he survived. This right of action, arising only upon death, cannot, within the meaning of the water-craft law, be property which could be injured by an inanimate thing negligently navigated.

In view of the ruling of the supreme court, we are not permitted to follow the decisions upon this question by the circuit courts of appeals rendered before the decision in The Albert Dumois, and are constrained to hold that no lien upon the vessel is created by the acts considered for the cause declared in the libel. The decree is affirmed.