ELECTRIC STORAGE BATTERY CO. v. BUFFALO ELECTRIC CARRIAGE CO.

(Circuit Court, W. D. New York. June 4, 1902.)

No. 163.

1. PATENTS—CONSTRUCTION—SECONDARY BATTERIES.

The Brush patent, No. 337,299, is the generic patent covering the Brush invention of secondary or storage batteries, and has uniformly been sustained by the courts, and given a broad construction. The patents previously issued to the patentee, but subsequent to the date of the original invention, were for improvements merely, and their expiration did not affect the validity of the basic patent.

2. SAME—DELAY IN ISSUANCE—INTERFERENCE PROCEEDINGS.

The fact that delay in the issuance of a patent after the filing of the application will result in giving the patentee a monopoly for a longer period of time than 17 years, cannot shorten the term of the patent, where such delay resulted from interference proceedings, and was not attributable to the patentee.

3. SAME—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

Where the validity of a patent has been frequently sustained by undoubted authority, and infringement is clear, a court should not exercise its discretion to deprive the patentee of the monopoly the law gives him for the full term of his patent by refusing him a preliminary injunction either because the patent will soon expire, or because the defendant offers to give a bond for the payment of all damages recovered.

In Equity. Suit for infringement of letters patent No. 337,299, granted to Charles F. Brush March 2, 1886, for a secondary battery. On motion for preliminary injunction.

John R. Bennett, for complainant.

Banning & Banning (Randall, Hurley & Porter, of counsel), for defendant.

HAZEL, District Judge. The patent in suit, No. 337,299, dated March 2, 1886, application filed June 13, 1881, is the Charles F. Brush generic patent for secondary or storage batteries, and is an improvement on the method applied by Gaston Plante prior to 1877. This patent, although many times vigorously assailed, has always been sustained. Judge Coxe, in the introduction to his opinion upon a motion for preliminary injunction in Battery Co. v. Belknap (C. C.) 112 Fed. 538, summarizes all the cases in which this patent has been at-

tacked. They show conclusively, upon examination, that the claims of the patent in suit have always been accorded a broad construction by the circuit courts and the circuit courts of appeals, and that the patents subsequently issued to Brush were in the nature of improvements upon his basic invention. None of them appear to include the invention claimed by the patent in suit, and only refer to it as may be necessary to describe the subsidiary invention. It was contended for the defendant on the hearing that Brush patents Nos. 260,654, granted July 4, 1882; 267,756, September 5, 1882; 266,090, October 17, 1882; 275,985, April 17, 1883,—had expired, and the patent in suit issued to the same patentee was therefore invalid, and not infringed by defendant. This contention is untenable, for it is quite well settled that patents of prior date issued to the patentee, if in the nature of improvements on the original invention, are subordinate to the broad scope of the first conception. In Electrical Accumulator Co. v. Julien Electric Co. (C. C.) 38 Fed. 117, it was decided that the patent in suit was conceived and reduced to practice by Brush in 1879 and 1880. It was not issued by the patent office, on account of interference, until March 2, 1886. Application for a patent appears to have been seasonably made, and therefore the inventor is protected in his invention from the time when it was conceived and adapted to practice. Barbed-Wire Patent, 143 U. S. 275, 12 Sup. Ct. 443, 36 L. Ed. 154; U. S. v. American Bell Tel. Co., 167 U. S. 224, 17 Sup. Ct. 809, 42 L. Ed. 144. The affidavits read on the hearing, together with the cases construing the patent in suit and those claimed to improve it, satisfy me that the patents issued to Mr. Brush subsequent to the invention described by the generic patent were improvements merely. The specifications of the various patents which have expired and the patent in suit do not disclose that the improvements in any manner increased within its scope the efficiency of the prior invention. Many improvement patents were issued to Mr. Brush, but none of them are independent of the generic invention. The claims of various subsidiary patents analogous to those under consideration have been limited and defined by former adjudications. It would seem unnecessary to again construe their scope. It is argued, however, for defendant, that giving full effect to the broad construction of the patent in suit tends to prolong the monopoly beyond the terms for which an exclusive use is given by the patent law. The doctrine annunciated in Miller v. Manufacturing Co., 151 U. S. 186, 14 Sup. Ct. 310, 38 L. Ed. 121, is invoked. The doctrine of that case does not seem to have application to the case at bar as explained in the Horseheads Case, 69 Fed. 257, and other cases. It may be that the delay resulting from interference proceedings in the patent office and the issuance of subsidiary patents will enable the patentee to enjoy a monopoly for a longer period of time than 17 years, but, as the delay entailed by the interference is not attributable to the patentee, the benefit, if there be such, inures to him alone. The construction given to Miller v. Manufacturing Co., supra, in Thomson-Houston Electric Co. v. Elmira & H. R. Co., 18 C. C. A. 145, 71 Fed. 397, and Same v. Winchester Ave. R. Co. (C. C.) 71 Fed. 193, may with propriety be applied to the case at bar. The patent in suit will soon expire, but that fact does not sanction the refusal of an injunction

pendente lite, where its validity has been adjudged by an appellate court, and where it appears, as here, that the expired patents are improvements on the unexpired generic patent. Counsel for defendant argue that no preliminary injunction should be granted, inasmuch as defendant is responsible and willing to give a bond conditioned to pay all damages which complainant may incur because of the alleged infringement. The cases cited on this point have application to cases where doubt exists as to complainant's rights under his patent. In the case at bar no such doubt exists. The validity of the patent has, so frequently been established, and the improvement patents of Brush so often considered, by the circuit courts and the circuit courts of appeals, that the conclusions reached by said courts are strongly persuasive, if not controlling, of the rights involved on this application. The complainant, owner of the patent in suit, is entitled to the monopoly for the full term allowed by law. At its election it may proceed against the user or the manufacturer of the infringing batteries. Were it otherwise, the law affording protection which congress intends should inure to one who by his skill has discovered something new and useful. New York Filter Mfg. Co. v. Niagara Falls Water Co. (C. C.) 77 Fed. 906; Munson v. City of New York (C. C.) 19 Fed. 313; Battery Co. v. Belknap, supra. It is true that applications for preliminary injunction are addressed to the discretion of the court, but when a patent has frequently been sustained by undoubted authority, and when infringement is clear, such discretion should not be exercised to the detriment of the patentee. In the case of Campbell Printing Press & Mfg. Co. v. Manhattan Ry. Co. (C. C.) 49 Fed. 931, where it was insisted that the responsibility of the alleged infringer was a guaranty of protection to the owner of the patent, Judge Lacombe at great length reviews the question of judicial discretion, and in conclusion orders the injunction to issue. In his opinion he states: "The contention of the defendant that, because it is willing to pay nominal damages for past infringement, an injunction to restrain future infringement should not issue, is unsound." I am constrained, therefore, to allow the preliminary injunction sought.

An order may be entered restraining the defendant from using and preparing the process disclosed by claims 1, 2, 3, 6, 7, and 12 of the patent in suit.