## THE ALASKA.

(District Court, W. D. Washington, N. D.   July 21, 1915.)

### No. 3021.

ADMIRALTY ⬡═28—JURISDICTION IN REM—ACTION FOR WRONGFUL DEATH.
  Rem. & Bal. Code Wash. § 1182, which makes vessels liable "for injuries committed by them to persons or property within this state," and gives a lien therefor, does not extend to actions by the heirs or representatives of a decedent to recover damages for his wrongful death, but is limited to cases of direct injury to the person or property of the plaintiff or libelant, and does not vest a court of admiralty with jurisdiction of a suit in rem based on such statute.
  [Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 278–288; Dec. Dig. ⬡═28.]

In Admiralty.   Suit by Elfrida Furu and Hjordis Furu, an infant, by her guardian ad litem, Elfrida Furu, against the gas schooner Alaska; Nels Hansen, claimant.   On exceptions to amend libel.   Exceptions sustained.

Daniel Landon, of Seattle, Wash., for libelants.
Willett & Oleson, of Seattle, Wash., for claimant.

NETERER, District Judge.   Libelants have commenced an action against the gas schooner Alaska, in which they seek to impress a lien for $6,000 damages occasioned to Elfrida Furu by reason of the death of her husband through the negligence of the schooner, and also $4,000 as guardian ad litem for the minor child of the deceased, and allege, in substance, "that on the 21st day of April, 1915, about seven miles southwest of Cape George, in the waters of the Pacific, Nels Furu was drowned by the gas schooner 'Alaska' carelessly and negligently running into and capsizing the fishing dory which Nels Furu was in"; that at the time of his death he was 30 years of age, healthy and able-bodied, and capable of earning $125 a month—and pray that the schooner, her tackle, apparel, furniture, engines, etc., be attached, condemned, and sold to pay the claim of libelants, together with costs and disbursements.   The claimant has filed exceptions, stating:

"That the cause of action so set forth is not a cause of action cognizable by proceedings in rem in admiralty, and is not a maritime cause of action, and is not within the jurisdiction of this honorable court."

The issue in this case was determined by Judge Cushman, of this district, in The Starr (D. C.) 209 Fed. 882, in which he held the remedy not available.   But for the vigorous suggestion of proctors that the issue was not fully presented at the time, and the fact that Judge Hanford, also of this district, in The Willamette (D. C.) 59 Fed. 797, held to the contrary, which was affirmed by the Circuit Court, I would content myself with the holding in The Starr, supra, without giving the matter further consideration.

Neither the general admiralty law nor the common law give a right of recovery for the death of another as the result of negligence.   No lien is given by admiralty; neither can admiralty create one.   While

admiralty has jurisdiction of such an action primarily because of the place where the act complained of occurred, the right of a proceeding against the offending thing is a right which is controlled and governed by local law. The right of recovery is therefore predicated upon the local law, and unless a lien is given by the local law there is no lien to enforce by proceeding in rem in a court of admiralty. The Corsair, 145 U. 'S. 335, 12 Sup. Ct. 949, 36 L. Ed. 727. Reference to the Washington statute discloses the following provisions:

Section 183, Remington & Ballinger's Code:

" * * * When the death of a person is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death. *. * * "

Section 194, supra:

"No action for a personal injury to any person occasioning his death shall abate, nor shall such right of action determine, by reason of such death, if he have a wife or child living, or leaving no wife or issue, if he have dependent upon him for support and resident within the United States at the time of his death, parents, sisters or minor brothers; but such action may be prosecuted, or commenced and prosecuted, in favor of such wife or in favor of the wife and children. * * * "

Section 1182, supra:

"All steamers, vessels and boats, their tackle, apparel and furniture, are liable: * * * (5) For injuries committed by them to persons or property within this state, or while transporting such persons or property to or from this state. Demands for these several causes constitute liens upon all steamers, vessels and boats, and their tackle, apparel and furniture, and have priority in the order of the subdivisions hereinbefore enumerated, and have preference over all other demands; but such liens continue in force only for a period of three years from the time the cause of action accrued."

In The Willamette (D. C.) supra, Judge Hanford, in 59 Fed., at page 800, said:

"Upon the authority of the decision of Judge Deady, in the case of The Oregon [D. C.] 45 Fed. 62, and the apparent approval thereof by the Supreme Court of the United States in the case of The Corsair, 145 U. S. 335, 12 Sup. Ct. 949 [36 L. Ed. 727], I hold that the rights conferred by these statutes are available to the representatives of the deceased passengers above named in this suit."

It is apparent that Judge Hanford based his conclusion upon the holding of Judge Deady in The Oregon (D. C.) supra, in which (45 Fed. at page 77), the Oregon statute is set out as follows:

"When the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action at law therefor against the latter, if the former might have maintained an action, had he lived, against the latter, for an injury done by the same act or omission."

And on the same page:

"Every boat or vessel used in navigating the waters of this state * * * shall be liable and subject to a lien * * * for all * * * damages or injuries done to persons or property by such boat or vessel."

A comparison shows that the law of Oregon differs from the law of Washington with relation to the right of action, in this: That it

places the representatives of the deceased in the same status and gives them the same right of action as the deceased would have, if living, while the Washington law gives a right of action for damages which were actually sustained. The law of each state gives a lien for damages or injuries sustained to *persons or property*. It is clear that under each law damages to the person injured, recoverable by himself, are a lien, and under the Oregon law the representatives succeed to the same right of lien as the injured party would have had, and Judge Deady so held, and the same construction was given the Washington statute in Re Willamette, supra. The Circuit Court of Appeals, in reviewing The Willamette, supra, while recognizing the instant issue an open question, at 70 Fed. 874, at page 878, 18 C. C. A. 366, at page 370 (31 L. R. A. 715), through Circuit Judge McKenna, said:

"The question presented in the second assignment of error—that is, the power of a court of admiralty to entertain jurisdiction of suit by the representatives of a deceased person when the right of action survives by the local law—has not been passed on definitely by the Supreme Court, though it has come up incidentally in several cases. Whenever it has arisen in the District Court, with but few exceptions, the jurisdiction has been entertained, and by a few eminent judges it has been asserted without the aid of local law. The reasoning of the latter has been left unsubstantial by the decision of the Supreme Court in Insurance Co. v. Brame, 95 U. S. 754 [24 L. Ed. 580], but it shows the disposition of judges. The research of other courts has made it unnecessary to review or especially cite these cases. This has been ably and accurately done in Steamboat Co. v. Chase, 16 Wall. 552 [21 L. Ed. 369]; The Harrisburg, 119 U. S. 199 [7 Sup. Ct. 140, 30 L. Ed. 358]; Ex parte Gordon, 104 U. S. 515 [26 L. Ed. 814]; The Corsair, 145 U. S. 335, 12 Sup. Ct. 949 [36 L. Ed. 727]; and no disapproval is expressed of the cases reviewed. It may not be unnecessary repetition to refer to the case of The City of Norwalk [D. C.] 55 Fed. 98, in which Judge Brown, of the Southern district of New York, comments on previous decisions, and vindicates the jurisdiction of the District Court with great strength of reasoning; and the cases of Holmes v. Railway Co. [D. C.] 5 Fed. 75, and The Clatsop Chief [D. C.] 8 Fed. 163, in which Judge Deady, in the Oregon district, sustained, respectively, an action in personam and an action in rem, a statute in Oregon giving the right of action; and In re Humboldt Lumber Manuf'rs' Ass'n [D. C.] 60 Fed. 428, decided by Judge Morrow, of the Northern district of California, following and approving Judge Brown's reasoning. The case of The City of Norwalk was affirmed on appeal by the Circuit Court of Appeals, and the conclusion and reasoning of Judge Brown approved [McCullough's Adm'x v. New York & N. Steamboat Co.] 20 U. S. App. 570, 9 C. C. A. 521, 61 Fed. 364. * * * If a collision is culpable, it is undoubtedly a marine tort, and the Supreme Court said in The City of Panama, 101 U. S. on pages 453–464 [25 L. Ed. 1061]: 'Injuries of the kind [the case was of injuries not resulting in death] alleged give the party a claim for compensation, and the cause of action may be prosecuted by a libel in rem against the ship; and the rule is universal that, if the libel is sustained, the decree may be enforced in rem as in other cases where a maritime lien arises. These principles are so well known, and so universally acknowledged, that argument in their support is unnecessary.' If a claim for compensation, if the party die, can be made to survive by statute to his [personal] representatives, it would not be very complete reasoning to hold that the remedy cannot also be made to survive. Indeed, there is language of Justice Grey in the case of The H. E. Willard [D. C.] 52 Fed. 387, which supports the view that, the right being created, the admiralty courts of the United States will enforce it by their own rules of procedure. The learned justice said: 'When a right maritime in its nature has been created by the local law, the admiralty courts of the United States may doubtless enforce that right according to their own rules of pro-

cedure'—citing a number of cases among which is The Corsair 145 U. S. 335 [12 Sup. Ct. 949, 36 L. Ed. 727]. In the case at bar, however, it is enough to say that, the tort being a maritime one, it would seem on principle and authority, if the local law is competent to preserve the right of action, it is competent to give it the efficiency of a lien to be enforced in the appropriate federal tribunal. The Lottawanna, 21 Wall. 558, 581 [22 L. Ed. 654]."

Judge Wolverton, in The Aurora (D. C.) 163 Fed. 636, and The General Foy (D. C.) 175 Fed. 590, in which the Oregon statute, supra, was considered, held that a lien existed, and at page 596 of the latter decision, says:

"From the specific reading of the lien or privilege statute involved in The Albert Dumois Case [177 U. S. 240, 20 Sup. Ct. 595, 44 L. Ed. 751], the reasonable construction thereof was that it gave a right only to the party injured—the language being: 'Where any loss or damage has been caused to the person or property of any individual * * * the party injured shall have a privilege.' Not so with the Illinois, Wisconsin, California, and Oregon statutes, for in each instance it is declared, in effect, that every vessel shall be subject to a lien for all damages arising for injury done to persons or property by such boat or vessel. Statutes more general and comprehensive in terms could hardly have been framed, and they would seem sufficient to comprise such damages as the heirs of the decedent would suffer by reason of such decedent having been wrongfully cut short of his existence. But, however this may be, I feel bound by the decisions of the Circuit Court of Appeals in the cases of The Willamette and The Oregon, supra, standing, as I construe the decision in The Dauntless, unreversed or in any way modified."

The Circuit Court of Appeals, in The Dauntless, 129 Fed. 715, at page 716, 64 C. C. A. 243, at page 244, in considering the California statutes which are set forth in the opinion, said:

"This court, in The Willamette, 70 Fed. 874, 878, 18 C. C. A. 366, 31 L. R. A. 715, and in Laidlaw v. Oregon Ry. & Nav. Co., 81 Fed. 876, 879, 26 C. C. A. 665, in construing the statute of Oregon which reads as follows: 'Every boat or vessel used in navigating the waters of this state * * * shall be liable and subject to a lien * * * for all * * * damages or injuries done to persons or property by such boat or vessel' (Hill's Ann. Code, par. 3690)—held that an action of this character in rem could be sustained. The question involved in this case is whether or not such actions can be maintained under the statutes of California. * * * The statute of California (section 377, Code Civ. Proc.) provides: 'When the death of a person is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death.' Section 813, Code Civ. Proc., provides: 'All steamers, vessels, and boats are liable * * * (5) for injuries committed by them to persons or property. * * * *'"

The court, then, without expressly referring to The Willamette, at page 719 of 129 Fed., at page 247 of 64 C. C. A., says:

"We are of opinion that no substantial difference can be drawn between the statutes of the different states upon which The Albert Dumois and The Onoko were based, and the statutes under consideration. If any distinction exists, it must be conceded that the language of section 813 of the Code of Civil Procedure of California is stronger in favor of appellants' contention than the others; and in the light of these opinions, and in view of the language used in the California statute, we feel compelled to hold that in the Doane Case this court has no jurisdiction."

In The Onoko, 107 Fed. 984, 47 C. C. A. 111, the Circuit Court of the Seventh Circuit was considering the Wisconsin and Illinois water

craft laws. 1 Starr & C. Ann. St. (2d Ed.) c. 12, par. 1, of the laws of Illinois provides that:

"Every * * * vessel, steamboat, steam dredge, tugboat, scow, canal boat, barge, lighter, and other water craft of about five tons burthen, used or intended to be used in navigating the waters or canals of this state, or used in trade or commerce between ports and places within this state, or having their home port in this state, shall be subject to a lien thereon: * * * Fifth—for all damages arising from injuries done to persons or property by such water craft. * * *"

The statute of Wisconsin (2 Sanb. & B. Ann. St. 1898, § 4255) is stated by Circuit Judge Jenkins, in The Onoko, to be practically the same as paragraphs 1 and 2, chapter 70, of the Illinois statute, but contains a proviso "that such action shall be brought for a death caused in this state." Section 3348 of the Wisconsin statutes, supra, provides that:

"Every ship, boat or vessel used in navigating the waters of this state shall be liable for and the claims or demands hereinafter mentioned shall constitute a lien on such ship, boat or vessel, which shall take precedence of all other claims or liens thereon: * * * (4) For all damages arising from injuries done to persons or property by such ship, boat or vessel."

The court, in this case, at page 987 of 107 Fed., at page 113 of 47 C. C. A. said:

"Undoubtedly, in this country, since the decision in The Corsair, the general trend of opinion in the lower courts has been to the effect that the water craft laws of the various states give a lien upon the vessel for injuries occasioning death. * * * In all these cases, with the exception of The Glendale, the act supposed to grant the lien is an independent act, and in no way connected with the act giving the action for the death. In The Glendale the provision granting the lien is part of the very act giving the right of action. * * * It is also to be said that the water craft law contemplates a lien for direct injuries done by the inanimate thing negligently navigated, and would not seem to comprehend such injury as is contemplated by the act granting a right of action for a death. The injury for which a lien is given is a direct injury by the negligently navigated craft to person or property. By reason of the faulty navigation and consequent collision, no injury was done to the person of the libelant, or to the person of those he represents. Nor was injury done to his or their property. They had no property right in the person of the deceased. The right of action arose only upon and because of his death. The recovery is allowed as compensation for the supposed support and education which they would have received had he survived. This right of action, arising only upon death, cannot, within the meaning of the water craft law, be property which could be injured by an inanimate thing negligently navigated. In view of the ruling of the Supreme Court, we are not permitted to follow the decisions * * * by the Circuit Courts of Appeals rendered before the decision in The Albert Dumois, and are constrained to hold that no lien upon the vessel is created by the acts considered for the cause declared in the libel."

The statutes of Washington (section 1182, supra) and California (section 813, supra), relating to water craft liability of vessels for injury to persons or property, are the same. The provisions of section 183, Rem. & Bal. Code, supra, and section 377, Code Civil Proc. Cal., are identical. The decision in The Willamette, supra, by the Circuit Court, was rendered in 1895; The Onoko, supra, in 1901; The Dauntless, supra, in 1904; and in 1900, The Albert Dumois, 177

U. S. 240, 20 Sup. Ct. 595, 44 L. Ed. 751, was decided. In this case the Supreme Court held that the provisions of the Louisiana water craft law (subdivision 12 of article 3237), which provides, "Where any loss or damage has been caused to the person or property of any individual by any carelessness, neglect or want of skill in the direction or management of any steamboat, barge, flatboat, water craft or raft, the party injured shall have a privilege to rank after the privileges above specified," were not intended to apply to actions brought by the representatives of a deceased person for damages resulting in death. Justice Brown, for the court, at page 259 of 177 U. S., at page 602 of 20 Sup. Ct. (44 L. Ed. 751), said:

"The object of article 3237 was not to extend the cases in which damages might be recovered to such as resulted in death, but merely to provide that, in cases of damages to person or property, where such damage was occasioned by negligence in the management of any water craft, the party injured should have a privilege or lien upon such craft. We deem it entirely clear that the article was not intended to apply to cases brought by the representatives of a deceased person for damages resulting in death."

There is no question in my mind but that the Supreme Court in this case clearly limited the lien privilege in paragraph 5, § 1182, Rem. & Bal. Code, supra, as a right accruing to the injured party only, and not a lien which passes to his representatives; and similar provisions having been considered by the court in The Onoko, supra, and by the Circuit Court of this circuit, in The Dauntless, supra, there is, in my judgment, no escape from the conclusion that this action is not within the jurisdiction of this court.

The exceptions are therefore sustained.