SEIFERT, In re. See Case No. 16,439.

SEIGEL (WALKER v.). See Case No. 17,085.

---

## Case No. 12,636.

### The SELAH.

[4 Sawy. 40.] [1]

District Court, D. California. Aug. 25, 1876.

SHIPPING — MASTER — ENGLISH VESSEL—WAGES—LIEN CLAIMED UNDER ENGLISH STATUTE.

The claim of a master of a British ship to be paid his wages concurrently with the seamen, and in preference to the claims of material men, disallowed.

[Cited in Covert v. The Wexford, 3 Fed. 580. Quoted in The Graf Klot Trautvetter, 8 Fed. 836. Cited in The Brantford City, 29 Fed. 386; The Olga, 32 Fed. 331; The Angela Maria, 35 Fed. 431; The Scotia, Id. 909.]

In admiralty.

Milton Andros, for libellant.

Daniel L. Sullivan, for interveners.

HOFFMAN, District Judge. The master of the above bark, which is a British vessel, intervenes for the payment of his wages out of the proceeds concurrently with the seamen, and in preference to the claims of certain material-men for supplies furnished in this port on the usual credit of shipowners and masters.

He claims this right under the statute of 17 & 18 Vict. c. 104, § 191, which provides that every master of a ship shall, so far as the case permits, have the same rights, liens and remedies for the recovery of which by this act or by any law or custom any seaman not being master, has for the recovery of his wages.

No decision is produced under this act to the effect that the master may assert his claim for wages in priority to those of material men with whom he has contracted, and to whom he is personally liable.

But even if such be the law of England, it cannot supersede our own laws which determine the rights of persons within our jurisdiction and the effect of contracts made under them. As the contract with the material-man was made in this port, its effect and the remedies under it must depend upon our own law, which is at once the lex fori and the lex loci contractus.

By the general maritime law prevailing in the United States, and administered by the national courts of admiralty, the claim of the material-man for materials furnished to a foreign vessel, carries with it a lien on the vessel and has a priority over the master's claim for wages.

It was held by Mr. Justice Story that even the states of this Union have no power to alter, enlarge or narrow, with respect to foreign vessels, the admiralty jurisdiction of the United States, as governed by the legislation of congress, and by the general principles of maritime law. They have no authority to change that law in respect to such vessels by denying liens existing under it, by creating new liens not recognized, or alter the priorities among different lienholders. The Chusan [Case No. 2,717].

If such powers are withheld from the states, they surely cannot be conceded to the legislature of a foreign country.

By the maritime law, which it is the duty of this court to administer, the libellant is entitled to a lien on the vessel, unless it clearly appears that he gave an exclusively personal credit to the master or owners in exoneration of the vessel. The Nestor [Case No. 10,126]; The Chusan, ubi supra.

The proof in this case is insufficient to establish that state of facts. Nor does it ap-

---

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

pear that an exclusive credit was given to the ship and owners in exoneration of the master's liability.

As the claim, therefore, is one to which the maritime law attaches a lien prior to that of the master of any existing under that law, and as the master is himself personally liable for the debt, his claim must be postponed to that of the libellant.