GRIMSLEY *v.* HANKINS.[1]

*(District Court, S. D. Alabama.  April 30, 1891.)*

1. ADMIRALTY—JURISDICTION—INJURY FROM STEAM-BOAT EXPLOSION.
    Injury to a seaman from explosion of steam-tug boiler, due to negligence of the owner of the vessel, is actionable in admiralty.
2. ABATEMENT—INJURY TO MINOR.
    Death of minor from such injury survives to his father, or to his mother, if the father be dead, under Code Ala. 1886, § 2588.
3. STEAM-BOAT EXPLOSION—PRIMA FACIE EVIDENCE OF NEGLIGENCE.
    A steam-boat boiler explosion causing injuries is *prima facie* evidence of negligence on the part of owners and officers; but this may be rebutted by showing due diligence in supplying suitable machinery, and officers and seamen of ordinary competency.
4. SAME—NEGLIGENCE OF FELLOW-SERVANTS—LIABILITY—COMMON EMPLOYER.
    If one person is injured by the negligence of another, engaged in the same employment, the employer is not liable if he has not been negligent in their selection, and has provided means and appliances adequate for their work.
5. STEAM-BOAT EMPLOYES—COOK AND ENGINEER—FELLOW-SERVANTS.
    A cook and engineer on a river steam-boat, exercising no authority the one over the other, and both subject to the master, are fellow-servants, and the cook cannot recover of the owner for damages caused by the engineer's negligence.

In Admiralty.  Libel *in personam.*
*Smith & Gaynor,* for libelant.
*McIntosh & Rich,* for defendant.

TOULMIN, J.  The libelant sues to recover damages alleged to have been sustained by the death of her minor son, William L. Grimsley, which was occasioned by the explosion of the boiler of a steam-tug owned by the defendant, and on which said minor was lawfully employed, as averred in the libel.  The husband of libelant and father of said minor, who was, at the time, the engineer on said steamer, also lost his life by said explosion.  Libelant avers her right to maintain this action, and that she sues under and by virtue of a statute of the state of Alabama, which provides that, when the death of a minor child is caused by the wrongful act or omission or negligence of any person or persons, his or their servants or agents, the mother, in case of the death of the father, may maintain an action of damages therefor.  Code Ala. § 2588.

The libel avers that the explosion was caused by a defect in the works, machinery, or plant connected with and used in running and operating the steamer, and that said defect existed by the negligence of defendant, his servants and agents; and the libel further avers that the explosion, by which said minor came to his death, was caused by the negligence of the engineer in charge of the machinery of said steamer.  There are exceptions to the libel on the ground that it sets forth no admiralty or maritime cause of action, and alleges no fact which can give this court jurisdiction.  An answer is also filed, which, in substance and effect, takes issue on every material allegation of the libel.  The exceptions are overruled.  See *The E. B. Ward,* 17 Fed. Rep. 456; *The Garland,* 5 Fed. Rep. 924; *Holmes* v. *Railway Co.,* Id. 75.

[1] Reported by Peter J. Hamilton, Esq., of the Mobile bar.

I find from the evidence that the death of William L. Grimsley was caused by the explosion of the boiler of the steam-tug on which he was employed as cook; that he was so employed with the knowledge and consent of his father, with whom he lived, and who was the engineer on the tug at the time of the said employment, and at the time of the unfortunate accident, and had been such engineer for some time previous thereto; that the tug, at the time of the explosion, was going up the Mobile river, to engage in her regular occupation of towing; and that there were on board the master and pilot, engineer, cook, and fireman. "The explosion of a boiler of a steam-boat causing injuries is *prima facie* evidence of negligence on the part of owners and officers;" and it devolves on the owner to rebut the presumption of negligence arising from the fact of explosion. *The Reliance,* 2 Fed. Rep. 249; *Posey* v. *Scoville,* 10 Fed. Rep. 140; *Rose* v. *Transportation Co.,* 11 Fed. Rep. 438. The presumption of negligence may be rebutted in this case by its being shown that the defendant used proper diligence in furnishing and maintaining in repair suitable machinery, reasonably safe, with which to operate the tug, and in the employment of officers and servants, who had ordinary fitness and competency for the performance of their duties. The defendant did not covenant to furnish machinery and appliances that were safe beyond a contingency, nor did he warrant the competency of fellow-servants. But he was required to use due care and reasonable diligence for the protection of his employes. "The law devolves on employers the duty to use ordinary care and diligence to furnish safe and suitable instrumentalities and appliances for the use of the employes in their business, and to keep the ways, works, machinery, and plant free from defects which are dangerous, so as not to expose the employes to unnecessary perils,—such care and diligence as men of ordinary prudence would exercise under like circumstances." *Wilson* v. *Railroad Co.,* 85 Ala. 269, 4 South. Rep. 701; *Railroad Co.* v. *Ross,* 112 U. S. 377, 5 Sup. Ct. Rep. 184; *Garrahy* v. *Railroad Co.,* 25 Fed. Rep. 258, and notes.

The proof shows that, within a year prior to the explosion, the boiler, machinery, and appliances were inspected, approved, and licensed for one year by the government inspectors. But there is evidence which tends to show that about two weeks before the explosion there was some derangement of the appliances for supplying the boiler with water. It appears that the tug was furnished with a suitable pump, and with an injector to supply water to the boiler, and that the derangement or disorder was particularly confined to the injector; that the pump was at the time detached, but could be adjusted in a few minutes, and put to work. It further appears that it was the duty of the engineer to make the attachment of the pump when necessary, and that it was not unusual for steamers to have their pumps detached, as this one was, when they were furnished with an injector. The proof, however, shows that, within three days prior to the explosion, the boiler, pumps, and all other machinery on the boat were examined, thoroughly cleaned, and put in order, by a competent engineer, who was the local agent of the owner in

v.46f.no.5—26

the management of the tug, and who the night before the explosion made a trip with her from this city across the bay and back with a barge in tow, (a distance of some 25 miles,) and that every thing worked well and satisfactorily.· On the next day the tug, with Engineer Grimsley in charge of the engine, left this city, and, when about 25 miles therefrom, while ascending the river, the explosion occurred, causing the death of said engineer and cook, as already stated, but left surviving the master and fireman. They could give no account of the cause of the explosion. The master testifies that, so far as he knows or could judge, the machinery was all right, and working satisfactorily up to the time of the explosion. He heard nothing to the contrary. The proof further shows that the engineer was competent and a person of ordinary fitness for the position; that he had his license as engineer, and that the same had been renewed for seven successive years. My opinion, therefore, is that the defendant exercised due care in selecting a proper and competent engineer, and furnished him with suitable means and resources for the work in which he was engaged. On the evidence in the case, the explosion cannot be accounted for on any other theory than that of the negligence of the engineer in failing to keep a sufficient supply of water in the boiler. If, then, the death of the cook was occasioned by the negligence of the engineer, is their common employer liable therefor? Where several persons are engaged in the same employment, and one of them is injured by the negligence of another, the employer is not liable, provided he is not negligent in their selection, or in providing adequate materials and means for the work in which they are engaged; and, if it be admitted that the cook came to his death through the negligence of the engineer, yet, if this officer was his fellow-servant, the defendant is exempt from liability. Whit. Smith, Neg. pp. 141–144, notes.

There was nothing in the employment and service of the engineer which made him any more the representative of the defendant than the employment and service of the cook made him such representative. The engineer was not employed to do any of the duties of the master, and the cook was not under his superintendence, or required to obey his directions, so far as the evidence shows. They were both in the same common employment. It has been held that, where the master is on board, the subordinate officers and seamen are fellow-servants. *The Egyptian Monarch*, 36 Fed. Rep. 776; *The Queen*, 40 Fed. Rep. 694. That the cook and the engineer were engaged in the same common employment, and were fellow-servants, see *The City of Alexandria*, 17 Fed. Rep. 390, where it is held that a cook and steward are co-employes. See, also, *Quinn* v. *Lighterage Co.*, 23 Fed. Rep. 363. "The porter and the carpenter are fellow-servants with the stewardess of a steamer, and the owner is not liable to her for any damages occasioned by the negligence of either the porter or the carpenter." *Steam-Ship Co.* v. *Merchant*, 133 U. S. 375, 10 Sup. Ct. Rep. 397. "The firemen, brakemen, porters, and the engineer are fellow-servants." *Railroad Co.* v. *Ross, supra;* Whit. Smith, Neg. pp. 141, 151, 152, and notes.

Applying the well-established rules of law, of which I have spoken, to the proof, my conclusion is that the libelant is not entitled to recover, and that the libel should be dismissed; and it is so ordered.