LAIDLAW v. OREGON RY. & NAV. CO. et al.

(Circuit Court of Appeals, Ninth Circuit. June 28, 1897.)

No. 332.

1. CIRCUIT COURTS OF APPEAL—JURISDICTION—ADMIRALTY APPEALS.

In a suit in admiralty, where the district court has jurisdiction of the parties and the res, but dismisses the libel on the ground that the cause of action is barred by lapse of time, the question involved, on an appeal from such decree, is not one concerning the jurisdiction of the district court, so as to prevent the circuit court of appeals from taking jurisdiction.

2. APPEALABLE DECREES—PROCEEDINGS SUBSEQUENT TO MANDATE.

A new question arising in the trial court in proceedings subsequent to the mandate of an appellate court, and not included therein, may be the subject of another appeal.

3. STATUTES OF LIMITATION—COMMENCEMENT OF SUITS—ADMIRALTY CASES.

A provision in a state statute that an action shall be deemed commenced as to each defendant when the complaint is filed and the summons is served on him, etc., does not apply to admiralty suits in the federal courts. 73 Fed. 846, reversed.

4. SAME.

After a vessel libeled for collision had been released on stipulation, the personal representatives of one killed in the collision intervened to recover damages under a state statute. Monition and citation based thereon were

duly issued and published, but the ship was not then seized, on the theory that the stipulation therefor given stood for her in respect to the claim set up by the intervening petition. A recovery was had in the district court, but on an appeal it was held that the liability of the claimant on the stipulation could not be increased by the subsequent intervention of new claims, and that, when subsequent intervening claims are filed, the vessel must be again arrested. The court therefore reversed the decree, and remanded the cause for further proceedings, but without prejudice to the right of the court below to treat the intervening petition as an independent libel, and issue process thereon. This was accordingly done, and the vessel was again arrested. *Held*, that the intervening suit was to be deemed commenced from the original filing of the intervening petition so as to stop the running of .limitation, and not merely from the date of the issuance of process. 73 Fed. 846, reversed.

Appeal from the District Court of the United States for the District of Oregon.

Williams, Wood & Linthicum, for appellant.

W. W. Cotton, for appellees.

Before ROSS, Circuit Judge, and HAWLEY and MORROW, District Judges.

ROSS, Circuit Judge.    December 31, 1889, a libel in admiralty was filed by John Simpson, master of the British ship Clan Mackenzie, against the steamer Oregon, to recover damages for a collision between the two vessels, which occurred December 27, 1889, in the Columbia river.    The libel charged the Oregon with fault in not having a proper lookout or a competent pilot, and in failing to keep out of the way of the Clan Mackenzie, which was then at anchor. Upon the arrest of the Oregon, a claim to her was interposed by the Oregon Short Line & Utah Northern Railway Company, and a stipulation given in the sum of $260,000 to answer the libel.    Subsequently, intervening petitions were filed by James Laidlaw, as administrator of the estates of Charles Austin and Mathew Reed, two seamen of the ship, who were killed in the collision; by James Simpson and his wife, individually; and by 18 others of the crew of the Clan Mackenzie, for loss of their property, clothing, and effects in the sinking of the ship; and by James Joseph, another of the crew, for injuries received by him.    Exceptions to these petitions were filed by the claimant, denying the right to intervene after the vessel had been discharged from arrest.    As to the intervention of Laidlaw, the further objection was made that the right of action for the deaths of Austin and Reed did not survive to the administrator of their estates.    The exceptions were overruled, and the claimant ordered to answer.    Answers were accordingly filed.    Subsequently, and on April 5, 1890, the Oregon Short Line & Utah Northern Railway Company, charterer of the Oregon, filed a cross libel against the Clan Mackenzie, charging that the collision occurred through the fault of the latter, in certain particulars.    A stipulation was given in the sum of $50,000 to answer this cross libel, and the cases came on to a hearing in the district court.    That court found both vessels in fault, and adjudged a division of the damages.    The intervening petitions were held to have been properly filed, and one-half of the petitioner's claims was ordered to be paid by the Oregon,

and the other half out of the money found to be due to the Clan Mackenzie. 45 Fed. 62. From that decree both parties appealed to the circuit court, which affirmed the decree of the district court, and the case was then taken to the supreme court of the United States, where it was held, among other things, that the liability of the claimant on its stipulation could not be increased by the intervention of new claims made after the stipulation was filed and the steamship discharged; that if, after the stipulation is given, and the vessel is discharged from custody, other libels are filed, a new warrant of arrest must be issued, and the vessel again taken into custody. Accordingly, the decree appealed from was "reversed, with costs to the original libelants as against the steamship Oregon, and with costs to the Oregon as against the interveners, and the case remanded to the circuit court for further proceedings in conformity with this opinion; without prejudice, however, to the right of the court below, or of the district court, in its discretion, to treat the intervening petitions as independent libels, and to issue process thereon against the steamship Oregon, her owners or charterers, or to take such other proceedings therein as justice may require." 15 Sup. Ct. 804. In pursuance of the mandate of the supreme court, the trial court entered an order permitting the libels of intervention to stand as original libels from the date of their filing, and directing process to issue for the seizure of the Oregon. Upon the making of that order exceptions were filed to the libels of intervention, upon the ground that the claims made therein are stale, and are barred by the laches of each of the libelants, and that as to the claim of Laidlaw, as administrator, the facts relied upon are not sufficient to entitle the administrator to the relief prayed for. The court below overruled all of the exceptions other than those to the petition of Laidlaw as administrator, in which the claimant set up laches and the statute of limitations in bar of that intervener's right to recover, in respect to which the exceptions were sustained; and Laidlaw, as such administrator, not desiring to plead further, the court entered a decree dismissing his libel, with costs to the complainant. 73 Fed. 846. It is from that decree that the present appeal was taken.

A motion to dismiss the appeal is made by the claimant upon the following grounds:

"First. That the only question in issue is the jurisdiction of the district court, Second. In case this appeal may be regarded or treated by the appellant or by this court as an appeal from a decree entered by the district court of the United States for the district of Oregon upon a mandate issuing out of the circuit court of the United States for the district of Oregon, this court is without jurisdiction to entertain said appeal."

Neither ground is well taken. It is a mistake to say that the question involved is one of jurisdiction. The cause of action was within the admiralty jurisdiction of the court, and there is no doubt about the jurisdiction of the court over the parties and over the res. The real and only question involved is whether the libelant's cause of action is barred by lapse of time.

In respect to the second ground of the motion, it is sufficient to say

that the question out of which the appeal arises was not involved in the original suit, and was not included in the mandate of the appellate court. It arose in the course of the subsequent proceedings of the trial court, and is a proper subject of appeal. The motion to dismiss is, therefore, denied.

The statutes of Oregon, in which state is the place where the collision in question occurred, provide as follows:

"When the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action at law therefor against the latter, if the former might have maintained an action, had he lived, against the latter, for an injury done by the same act or omission. Such action shall be commenced within two years after the death." Hill's Ann. Code, § 371.

"Every boat or vessel used in navigating the waters of this state * * * shall be liable and subject to a lien * * * for all * * * damages or injuries done to persons or property by such boat or vessel." Id. § 3690.

It was held by this court in the case of The Willamette, 18 C. C. A. 366, 70 Fed. 874, that the lien given by the latter section accompanies the right of action given by the former to the representatives of deceased persons. The local law thus giving a lien upon the offending thing for such damages as are here involved, it is the settled law that the aggrieved party may proceed in rem in the proper court of admiralty. The Corsair, 145 U. S. 335, 12 Sup. Ct. 949. The local law giving the lien, however, conditions the right upon the commencement of the action within two years after the death. Time has thus been made "of the essence of the right, and the right is lost if the time is disregarded." The Harrisburg, 119 U. S. 199, 7 Sup. Ct. 140. Has it been disregarded in the present case? is the question to be decided upon the merits. That depends upon what constitutes the commencement of the libelant's suit. If the filing of his petition of intervention, which, by the order of the court, is permitted to stand as his independent libel, constitutes such commencement, he is, of course, in time, for that was filed within two months after the collision which caused the death of the libelant's intestates. If, however, the time of the seizure of the Oregon under the petition of intervention, treated as an independent libel, is to be taken as the time of the commencement of the suit, then the libelant is clearly barred. In this connection, there is cited and relied upon, both by the claimant and the learned judge of the court below, a provision of the Oregon statute to the effect that an action shall be deemed commenced as to each defendant when the complaint is filed and the summons is served on him, and that an attempt to commence an action shall be deemed equivalent to the commencement thereof when the complaint is filed and the summons delivered, with the intent that it shall be actually served, to the sheriff. That is a mere statutory provision respecting the remedy, and that, too, it would seem, in actions at law. It is inapplicable to the procedure of admiralty courts. In the exercise of their admiralty and maritime jurisdiction, says Justice Story in the case of The Chusan, 2 Story, 455, Fed. Cas. No. 2,717, "the courts of the United States are exclusively governed by the legislation of congress, and, in the absence thereof, by the general principles of the maritime law. The

states have no right to prescribe the rules by which the courts of the United States shall act, or the jurisprudence which they shall administer. If any other doctrine were established, it would amount to a complete surrender of the jurisdiction of the courts of the United States to the fluctuating policy and legislation of the states. If the latter have a right to prescribe any rule, they have a right to prescribe all rules, to limit, control, or bar suits in the national courts. Such a doctrine has never been supported, nor has it for a moment been supposed to exist, at least so far as I have any knowledge, either by any state court or national court within the Union." See, also, Steamboat Co. v. Rea, 18 How. 223; The Selah, 4 Sawy. 40, Fed. Cas. No. 12,636; Watts v. Camors, 10 Fed. 148; The Kate Tremaine, 5 Ben. 60, Fed. Cas. No. 7,622; New Zealand Ins. Co. v. Earnmoor Steamship Co., Limited (decided by this court February, 1897) 24 C. C. A. 644, 79 Fed. 368.

The intervening petition of Laidlaw, as administrator, was not directed against the owner of the Oregon, but was a proceeding against the ship itself, and prayed that it be condemned and sold to pay the damages alleged to have been caused by it. Monition, and citation based thereon, were duly issued and published, as in other proceedings in rem. The ship was not then seized under process issued upon the intervening petition, upon the mistaken theory that the stipulation theretofore given in the proceeding in which the intervention took place stood for the ship in respect to the claims made by the intervening petition as well as in respect to those it was given to meet. But the basis of such seizure was laid by the filing of the intervening petition shortly after the cause of suit arose, and has continued to exist ever since. It was the basis for the order for the seizure of the ship that was made by the court below. The delay in making the seizure after the filing of the petition in intervention was occasioned by the error of the intervening petitioner, already referred to, and into which both the district and circuit courts also fell. The intervening petitioner's proceeding was, however, from the beginning, a proceeding in rem, and at no time one in personam. His error in considering and treating the stipulation as the res, did not deprive him of the right of seizing the res upon discovering the error, the basis for such seizure continuing to exist. This evidently was the view of the supreme court in reversing the decree in the original cause, as it did, without prejudice to the right of the lower court, in its discretion, to treat the intervening petition as an independent libel, and to issue process thereon against the Oregon. While it is true that in a proceeding in rem a court of admiralty does not acquire jurisdiction of the res until its seizure, the filing of the libel constitutes the commencement of the suit. Ben. Adm. p. 241, § 413; 1 Conk. Adm. p. 417, c. 13.

We are of opinion that the libelant's cause of action was not barred by lapse of time, and the judgment of the court below is accordingly reversed, and the cause remanded for further proceedings.