## MURRAY v. PACIFIC COAST S. S. CO.

(District Court, W. D. Washington, S. D. September 16, 1913.)

No. 1,232.

1. SHIPPING (§ 86*)—INJURY TO STEVEDORE—ACTION—NATURE AND FORM.

An action by a longshoreman to recover damages against a steamship corporation owning the ship in which he was working at the time of his injury, charging that the injury was caused by defendant's negligence, and alleging that at the time of the injury defendant was in default in the payment of the accident funds used for compensation of injured workmen, required by Washington Workmen's Compensation Act (Laws 1911, c. 74), and that the same was therefore not applicable, was a suit to enforce a common-law remedy in personam and not a proceeding against any res, independent of a personal defendant, and was therefore not exclusively within the jurisdiction of admiralty.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 343, 353–360; Dec. Dig. § 86.*]

2. CONSTITUTIONAL LAW (§ 46*)—CONSTITUTIONAL QUESTION—DETERMINATION.

Where, in a suit by a longshoreman for injuries alleged to have resulted from defendant's negligence, plaintiff charged that defendant was in default in the payment of accident funds used for the compensation of injured workmen, and that demand had been made for the payment of the amount due, for which reason Washington Workmen's Compensation Act (Laws 1911, c. 74) was inapplicable, defendant's contention that the suit was unconstitutional would not be determined, since whether unconstitutional or inapplicable it was no bar to plaintiff's right to enforce his common-law remedy.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 43–45; Dec. Dig. § 46.*]

At Law. Action by John Murray against the Pacific Coast Steamship Company. On demurrer to defendant's answer. Sustained.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

Bone & Wright and Grant A. Dentler, all of Tacoma, Wash., for plaintiff.

Farrell, Kane & Stratton, of Seattle, Wash., for defendant.

CUSHMAN, District Judge. This cause is for decision upon plaintiff's demurrer to the defendant's answer, alleging the unconstitutionality, as between plaintiff and defendant, of the Workmen's Compensation Act of the state of Washington (Laws of 1911, p. 345), under which it is claimed plaintiff sues.

The action is one in personam to recover damages for an injury to plaintiff, received, while in the employ of the defendant as a longshoreman, at work stowing away wheat then being loaded in the hold of one of defendant's vessels lying at the wharf in Tacoma. The injury is charged to have been caused by defendant's negligence.

In plaintiff's amended complaint it is alleged that the defendant is a California corporation, maintaining an office for the transaction of its business in the county of Pierce, state of Washington, and engaged in transporting freight by water from and to the port of Tacoma. Paragraph X of the complaint alleges:

"That, at the time said injury was inflicted upon the plaintiff as aforesaid, the defendant was in default in the payment to the accident funds used for the compensation of injured workmen of its percentage of its total pay roll, according to the schedule made and provided by law, and demand for such payment had been made upon the defendant by the State Industrial Insurance Department of the state of Washington long prior to the time said injury was inflicted upon said plaintiff as aforesaid."

The Washington Compensation Law provides an industrial insurance for workmen injured in certain employments classed in the act as "extra hazardous." The fund from which said workmen are to be paid is raised by a tax upon the employers, based on a varying table of percentages on their pay rolls for the year. Stevedoring and longshoring are classed as "extra hazardous," and the tax on these employers is fixed at ".030." The act provides:

"* * * All phases of the premises are withdrawn from private controversy, and sure and certain relief for workmen, injured in extra hazardous work, and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as otherwise provided in this act; and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this act provided.

"Sec. 8. If any employer shall default in any payment to the accident fund hereinbefore in this act required, the sum due shall be collected by action at law in the name of the state as plaintiff, and such right of action shall be in addition to any other right of action or remedy. In respect to any injury happening to any of his workmen during the period of any default in the payment of any premium under section 4, the defaulting employer shall not, if such default be after demand for payment, be entitled to the benefits of this act, but shall be liable to suit by the injured workman (or the husband, wife, child or dependent of such workman in case death result from the accident), as he would have been prior to the passage of this act.

"In case the recovery actually collected in such suit shall equal or exceed the compensation to which the plaintiff herein would be entitled under this act, the plaintiff shall not be paid anything out of the accident fund; if the said amount shall be less than such compensation under this act, the accident

fund shall contribute the amount of the deficiency. The person so entitled under the provisions of this section to sue shall have the choice (to be exercised before suit) of proceeding by suit or taking under this act. If such person shall take under this act, the cause of action against the employer shall be assigned to the state for the benefit of the accident fund. In any suit brought upon such cause of action the defense of fellow servant and assumption of risk shall be inadmissible, and the doctrine of comparative negligence shall obtain. Any such cause of action assigned to the state may be prosecuted or compromised by the department in its discretion. Any compromise by the workman of any such suit, which would leave a deficiency to be made good out of the accident fund, may be made only with the written approval of the department." Pages 345, 346, 362, and 363.

The answer alleges that this act is unconstitutional, as between the parties to this suit, because it contravenes sections 1 and 2, art. 3, section 8, art. 1, of the Constitution of the United States, the fifth, seventh, and section 1 of the fourteenth amendments to the Constitution, and section 21, art. 1, of the Constitution of the state of Washington.

Plaintiff relies upon the following authorities: Munn v. Illinois, 94 U. S. 113–134, 24 L. Ed. 77; State v. Heldenbrand, 62 Neb. 136, 87 N. W. 25, 89 Am. St. Rep. 743; Danforth v. Groton Water Co., 178 Mass. 472, 59 N. E. 1033, 86 Am. St. Rep. 495; Pittsburgh, Cincinnati, Chicago & St. L. Ry. Co. v. Montgomery, 152 Ind. 1, 49 N. E. 582, 69 L. R. A. 875, 71 Am. St. Rep. 301; State ex rel. Davis-Smith Co. v. Clausen, 65 Wash. 156, 117 Pac. 1101, 37 L. R. A. (N. S.) 466; J. L. Stoll v. Pacific Coast S. S. Co. (D. C.) 205 Fed. 169; American Steamboat Co. v. Philip B. Chace, Adm'r, 83 U. S. (16 Wall.) 522, 21 L. Ed. 369; Schoonmaker et al. v. Gilmore et al., 102 U. S. 118, 26 L. Ed. 95; Garcia y Leon v. Galceran et al., 78 U. S. 185, 20 L. Ed. 75; Moran v. Sturges, 154 U. S. 256, 14 Sup. Ct. 1019, 38 L. Ed. 981; Moses Taylor v. Hammons, 71 U. S. (4 Wall.) 411, 18 L. Ed. 397; Steamboat Ad. Hine v. Mathew R. Trevor, 71 U. S. (4 Wall.) 555, 18 L. Ed. 451; Knapp, Stout & Co. v. John McCaffrey, 177 U. S. 638, 20 Sup. Ct. 824, 44 L. Ed. 921.

Defendant relies upon the following cases: Steamboat Ad. Hine v. Trevor, 4 Wall. 555, 18 L. Ed. 451; Gerrity v. The Kate Cann (D. C.) 2 Fed. 241; Leathers v. Blessing, 105 U. S. 626, 26 L. Ed. 1192; The Strabo (D. C.) 90 Fed. 110; Grimsley v. Hankins (D. C.) 46 Fed. 400; Levy v. McCartee, 6 Pet. 108, 8 L. Ed. 337; Capital Traction Co. v. Hof, 174 U. S. 1, 19 Sup. Ct. 583, 43 L. Ed. 873; Cowhick v. Shingle, 5 Wyo. 87, 37 Pac. 692, 25 L. R. A. 608, 63 Am. St. Rep. 17; Workman v. New York, 179 U. S. 552, 21 Sup. Ct. 212, 45 L. Ed. 314; The J. E. Rumbell, 148 U. S. 1, 13 Sup. Ct. 500, 37 L. Ed. 345; The Chusan, 2 Story, 455, Fed. Cas. No. 2,717; The Roanoke, 189 U. S. 185, 23 Sup. Ct. 491, 47 L. Ed. 770; The Lyndhurst (D. C.) 48 Fed. 839; New Zealand Ins. Co. v. Earnmoor S. S. Co., 79 Fed. 368, 24 C. C. A. 644; Laidlaw v. O. R. & N. Co., 81 Fed. 876, 26 C. C. A. 665; Pacific Coast S. S. Co. v. Bancroft-Whitney Co., 94 Fed. 181, 36 C. C. A. 135; Ex parte Young, 209 U. S. 123, 28 Sup. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764; Ex parte Wood (C. C.) 155 Fed. 190.

This cause was begun in the state court and removed to this court. Paragraph X of the complaint (above quoted) brings the action within the exception named in the Compensation Act.

Section 2 of article 3 of the Constitution of the United States provides that the judicial power of the United States shall extend "to all cases of admiralty and maritime jurisdiction." The Federal Judiciary Act provides:

"The district courts shall have jurisdiction as follows: * * * Eighth. Of all civil causes of admiralty and maritime jurisdiction; saving to suitors in all cases the right of a common-law remedy, where the common law is competent to give it; and of all seizures on land and on waters not within admiralty and maritime jurisdiction. And such jurisdiction shall be exclusive, except in the particular cases where jurisdiction of such causes and seizures is given to the circuit courts. And shall have original and exclusive cognizance of all prizes brought into the United States, except as provided in paragraph six of section six hundred and twenty-nine." Section 563, R. S.; volume 4, Fed. Stat. Ann. p. 220 (U. S. Comp. St. 1901, p. 457).

In the Judicial Code of March 3, 1911, c. 231, 36 Stat. 1091 (U. S. Comp. St. Supp. 1911, p. 136), this paragraph is amended to read:

"Of all civil causes of admiralty and maritime jurisdiction, saving to suitors in all cases the right of a common-law remedy where the common law is competent to give it; of all seizures on land or waters not within admiralty and maritime jurisdiction; of all prizes brought into the United States; and of all proceedings for the condemnation of property taken as prize." Section 24, par. 3, p. 8.

The Judiciary Act further provided:

"The jurisdiction vested in the courts of the United States in the cases and proceedings hereinafter mentioned, shall be exclusive of the courts of the several states: * * * Third. Of all civil causes of admiralty and maritime jurisdiction; saving to suitors, in all cases, the right of a common-law remedy, where the common law is competent to give it." Section 711, R. S.; Fed. Stat. Ann. vol. 4, p. 494 (U. S. Comp. St. 1901, p. 577).

This provision has been carried into the Judicial Code, without change, as section 256 (pages 87 and 88).

Defendant contends that, under the Constitution and provisions of the Judiciary Act (section 563, R. S., above quoted), the subject-matter of the present suit being such as to permit a suit in admiralty, either in personam or in rem, the jurisdiction of the admiralty court is exclusive, and that, the Compensation Act giving the remedy asked in this suit, the same is unconstitutional as affecting a case in the admiralty jurisdiction.

It would appear, although its decision in the present suit is unnecessary, that the change in the language of the Judiciary Act, as used in the Judicial Code, omitting the words:

"And such jurisdiction shall be exclusive, except in the particular cases where jurisdiction of such causes and seizures is given in the circuit courts"

—which words were contained in the Judiciary Act, was made on account of the Circuit Court having been abolished by the Judicial Code and not with the purpose of permitting or granting jurisdiction to the state or common-law courts over those matters theretofore within the exclusive jurisdiction of the admiralty court, especially in view of section 711 having been carried unchanged into the latter Code.

The question is rather whether the suit is one seeking to enforce a common-law remedy "where the common law is competent to give it,"

saved and excepted from the exclusive admiralty jurisdiction by both the Judiciary Act and the Judicial Code.

[1] This suit is one seeking to enforce a common-law remedy, asking a personal judgment for damages for personal injuries, caused by negligence. It is not a proceeding against any res, independent of a personal defendant, as in those suits held to be exclusively in the admiralty jurisdiction. Knapp v. McCaffrey, 177 U. S. 638, 20 Sup. Ct. 824, 44 L. Ed. 921; The Glide, 167 U. S. 606, 17 Sup. Ct. 930, 42 L. Ed. 296; Johnson v. Chicago, etc., Elevator Co., 119 U. S. 388, 7 Sup. Ct. 254, 30 L. Ed. 447; Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; Garcia y Leon v. Galceran, 11 Wall. 185, 20 L. Ed. 74; The Hine v. Trevor, 4 Wall. 555, 18 L. Ed. 451; Stewart v. Potomac Ferry Co. (C. C.) 12 Fed. 299; The N. W. Thomas, 1 Biss. (U. S.) 210, 18 Fed. Cas. No. 10,386; Moir v. The Dubuque, 3 Chic. Leg. N. 145, 17 Fed. Cas. No. 9,696.

It is further claimed that the Washington State Compensation Act violates the fourteenth amendment to the Constitution and provides for the taking of defendant's property without due process of law; that this is accomplished by taking from defendant a tax, the consideration for which is the exemption of the defendant from suit on account of injuries to its servants while in the discharge of their employment.

It is argued that the plaintiff might sue in the common-law courts or in admiralty, and that as the state Legislature could not curtail the admiralty jurisdiction by abolishing a cause of action of which the admiralty court has jurisdiction, if the defendant paid the tax to the state, the plaintiff could still have gone into the admiralty court to recover for his injuries, and that its payment of the tax would not have shielded the defendant from liability.

[2] The question argued is an interesting one, but its decision is not required herein. The tax has not been paid. Defendant's property has not been taken on account of such tax. Nor is this suit one to recover such a tax. If the state law, on account of the tax provision, violates the amendment to the Constitution and is therefore of no effect, plaintiff's right of action for the failure of his master to furnish him a safe place to work would remain, under the common law, unrepealed by reason of the invalidity of the Compensation Act. If the Compensation Act is effective, and the defendant has not paid its tax, as alleged, by the Compensation Law, the failure to pay the tax saves to the plaintiff the right of action for defendant's negligence under the common law. In either event, the suit may be maintained.

Upon the demurrer, the question of whether, if this suit were in admiralty, the defenses of fellow servant and assumption of risk would be abolished and the rule of comparative negligence supplant that of contributory negligence, as provided in the state law, it is not now necessary to decide, though it may be noted that they are all common-law defenses, and that that of contributory negligence is not a defense in admiralty; the rule there being something nearer comparative negligence, as provided by the Compensation Act. The

Max Morris, 137 U. S. 1, 11 Sup. Ct. 29, 34 L. Ed. 586. In admiralty, equitable principles govern rather than the common law. California-Atlantic S. S. Co. v. Central Door & Lbr. Co. (C. C. A.) 206 Fed. 5. It is also clear, for the same reason, that the question of whether the penalty imposed by the Compensation Law, rendering the defendant liable for the payment of the tax upon a suit by the state, while still leaving it subject to a suit by the injured servant, is so extravagant and unreasonable as to deny it the equal protection of the law, in violation of the fourteenth amendment to the Constitution, is not now properly before the court.

It is not necessary to determine herein whether the elimination of the defenses of assumption of risk, fellow-servant, and contributory negligence is to be considered a penalty imposed for nonpayment of the tax, or whether the purpose was to abolish those defenses generally in the cases of injured employés engaged in the extrahazardous followings enumerated in the Compensation Act.

Demurrer sustained.