**LEVEILLE v. EASTERN S. S. LINES, Inc.**

(District Court, S. D. New York. March 11, 1926.)

Shipping ☞142—Filing libel in personam for damages to shipment within time required in bill of lading held sufficient, although service of process was not had until after expiration of such period.

Where libel in suit in personam for damages to shipment was filed within time limit required in bill of lading, suit may be maintained, although service of process was not had until after expiration of period; filing libel in personam having same effect as filing of libel in rem.

In Admiralty. Libel by George Leveille against the Eastern Steamship Lines, Inc. Libelant's exception to separate defense sustained.

Duncan & Mount, of New York City, for libelant.

Arthur Lavenburg, of New York City, for respondent.

THACHER, District Judge. This suit is in personam to recover damages for short delivery of a shipment of silk from Boston to New York on one of the defendant's steamships. The bill of lading required suit to be instituted within two years and one day after delivery of the property. The libel was filed within this period, but process was not served until after the period expired. Judge Ross, in Laidlaw v. Oregon Ry. & Nav. Co., 81 F. 876, 26 C. C. A. 665, said: "While it is true that in a proceeding in rem a court of admiralty does not acquire jurisdiction of the res until its seizure, the filing of the libel constitutes the commencement of the suit." Benedict states the rule without distinction between suits in rem and in personam. "The filing of the libel is the commencement of the suit." Ben. Adm. (5th Ed.) § 276.

It is difficult to find reason for any distinction. The filing of a libel in personam has precisely the same effect as the filing of a libel in rem. In each case the proceedings are instituted, although the court's jurisdiction to proceed against the defendant or against the res is dependent upon the service of its process, which can only be issued upon the filing of the libel. The bill of lading provides that suit "shall be instituted" within the stipulated period. There can be no doubt that this was accomplished by filing the libel. Such clauses of limitation in bills of lading are narrowly construed, and, since the shipper has an option to sue either in rem or in personam, it is not to be presumed that the parties intended that the application of the clause should depend upon the form of the action. In construing a similar clause, the Supreme Court has said: "We ought not to give such an effect to the stipulation as would enable the owner of the merchandise to avoid its operation by simply changing his form of action." The Queen of the Pacific, 180 U. S. 49, 52, 21 S. Ct. 278, 279 (45 L. Ed. 419).

Since it appears from the answer, and from the facts conceded by the respondent in its brief, that the libel was filed within the stipulated period, the libelant's exception to the third separate defense is sustained; the motion to strike out being treated, in the absence of formal objection, as an exception to the answer.