See, also, 53 F.Supp. 802.

Paul C. Matthews, of New York City (Archibald F. McGrath, of New York City, of counsel), for libellant.

Frank V. Barns, of New York City, for respondent.

CONGER, District Judge.

The libellant, as administratrix, brings this action under the "Death on the High Seas Act", Act of March 30, 1920, 41 Stat. 537, 46 U.S.C.A. § 761 et seq., to recover for the wrongful death of Frank Batkiewicz. The libellant alleges that the wrongful death occurred on or about June 30, 1941.

The libel in this action was filed on June 28, 1943, in the office of the clerk of this court, but a citation was not issued until October 25, 1943.

## BATKIEWICZ v. SEAS SHIPPING CO., Inc.

District Court, S. D. New York.

March 27, 1944.

Sec. 763 of 46 U.S.C.A. provides that suit must be begun within two years of the wrongful death. The section further provides that "after the expiration of such period of two years the right of action hereby given shall not be deemed to have lapsed until ninety days after a reasonable opportunity to secure jurisdiction has offered."

The libel was filed within the two-year period; the citation, however, was not issued within the two-year period or within the additional ninety-day period.

The respondent appears specially for the purpose of contesting the jurisdiction of the court. The respondent, in its exceptions to the libel, states that since suit was not begun and jurisdiction of the respondent was not obtained within the limited time, the court should not take jurisdiction.

■ The following statement from Western Fuel Co. v. Garcia, 257 U.S. 233, 240, 42 S.Ct. 89, 90, 66 L.Ed. 210, complete-

ly states the rule as to maintenance of wrongful death actions in Admiralty:

"It is established doctrine that no suit to recover damages for the death of a human being caused by negligence, may be maintained in the admiralty courts of the United States under the general maritime law. At the common law no civil action lies for an injury resulting from death. The maritime law as generally accepted by maritime nations leaves the matter untouched and in practice each of them has applied the same rule for the sea which it maintains on land. The Harrisburg, 119 U.S. [199] 204, 213, 7 S.Ct. 140, 30 L.Ed. 358; The Alaska, 130 U.S. 201, 209, 9 S. Ct. 461, 32 L.Ed. 923; LaBourgogne, 210 U.S. 95, 138, 139, 28 S.Ct. 664, 52 L.Ed. 973."

The "Death on the High Seas Act" gives a right where none existed before. The limitation of time within which to begin suit is a limitation not merely on the remedy alone, but is a condition on the very right to bring the action. In re Agwi Nav. Co., 2 Cir., 89 F.2d 11, 12. Therefore, if the action is not begun within the time allowed by Sec. 763, the court has no jurisdiction to hear the action.

The respondent contends that suit is not begun until jurisdiction of the respondent is obtained. The Supreme Court, in construing a section of the Revenue Act of 1926, 44 Stat. 9, Sec. 1113, 26 U.S.C.A. Int. Rev.Acts, page 324, which provides that "no suit * * * shall be maintained * * * unless such suit * * * is begun within two years after the disallowance of the * * * claim," stated that the word "begun" should be given its ordinary and accustomed meaning synonymous with commenced. It held that the suit has begun when it was filed in court in good faith. Bates Mfg. Co. v. United States, 303 U.S. 567, 572, 58 S.Ct. 694, 82 L.Ed. 1020. A careful reading of Sec. 763, of 46 U.S.C.A., does not disclose any requirement that jurisdiction must be obtained over the respondent before suit is begun. The section simply states that, "Suit shall be begun within two years * * *."

The question resolves itself into this: When is an action commenced, with the filing of the libel or the issuance of a citation?

In Laidlaw v. Oregon Ry. & Nav. Co., 9 Cir., 81 F. 876, 880, the court said, "While it is true that in a proceeding in rem a court of admiralty does not acquire jurisdiction of the res until its seizure, the filing of the libel constitutes the commencement of the suit." This holding has been followed with approval in the following cases: Leveille v. Eastern S. S. Line, D. C., 12 F. 2d 486, 487, which also held that as to the commencement of the action there is no difference between a proceeding in rem and a proceeding in personam; United States v. Burns Bros., D.C., 1 F.Supp. 219; The Cypria, D.C., 46 F.Supp. 816, 820, affirmed sub nom Ore Steamship Corp. v. D. S. A. S. Hassel, 2 Cir., 137 F.2d 326; Port v. Litolff, 5 Cir., 103 F.2d 302, 303, in which it was held that an action is commenced by the filing of the libel, if the libel is filed in good faith.

In affirming The Cypria, supra, the Circuit Court said, "It is too well settled for discussion, however, that the filing of the libel marks the institution of an admiralty suit." Ore Steamship Corp., supra, 137 F.2d at 329.

In 2 Benedict on Admiralty, 6th Ed. 1940, 313, it is unqualifiedly stated that a suit in admiralty is begun with the filing of the libel. No process can issue from the court until it is filed. Admiralty Rule 1, 28 U.S. C.A. following section 723. The reason is clear; until the libel is filed the court does not obtain jurisdiction of the subject matter of the action. 2 Benedict on Admiralty, 6th Ed. 1940, 71. When the court obtains jurisdiction of the subject matter of the action by the filing of the libel, the suit can be said to have been initiated.

One case has been called to my attention in which in the course of the opinion it was stated that a suit, for the purpose of ascertaining whether it is brought within the statutory limitation, is deemed to be commenced from the time process is issued and placed in the hands of an officer for service. The Robert Gaskin, D.C., 9 F. 62, 63. The above statement is against the weight of authority and the case has never been cited for that proposition.

No question has been raised as to the good faith of the filing of the libel.

Since the action was begun within the two-year period the court has jurisdiction.

Exceptions to the libel are dismissed.

Respondent's time to answer herein is extended for two weeks from the date of the service of the order herein with notice of entry.

Settle order on notice.