## HAGERUP v. WHITIN MACHINE WORKS.

### No. 1097.

District Court, D. Massachusetts.

March 22, 1946.

Grant & Angoff, of Boston, Mass., for libellant.

Badger, Pratt, Doyle & Badger, and Paul R. Frederick, all of Boston, Mass., for libellee.

SWEENEY, District Judge.

This is a libel in admiralty brought by the libellant, as administratrix, under the "Death on the High Seas Act," 41 Stat. 537, 46 U.S.C.A. § 761 et seq., to recover damages for the death of the libellant's intestate. The libellee has filed exceptions to the amended libel, one of which is directed to the question of the running of the statute of limitations.

Section 3 of the Death on the High Seas Act, 46 U.S.C.A., § 763, provides that, "Suit shall be begun within two years from the date of such wrongful act, neglect, or default, unless during that period there has not been reasonable opportunity for securing jurisdiction of the vessel, person, or corporation sought to be charged * * *."

The libel, alleging that the death by wrongful act occurred on October 19, 1942, was filed in the office of the clerk of this Court on October 16, 1944. The summons, however, was not issued until December 6, 1944. The issue thus squarely presented is whether a suit is "begun" under this statute upon the filing of the libel in the office of the clerk, or when the summons is issued. The clear weight of authority stands for the proposition that the filing of the libel marks the beginning of a suit in admiralty. Ore Steamship Corporation v. D/S A/S Hassel, 2 Cir., 137 F.2d 326, 329, affirming the Cypria, D.C., 46 F.Supp. 816, 820; Batkiewicz v. Seas Shipping Co., Inc., D.C., 54 F.Supp. 789.

In view of the amendments to the original libel and the decision in Carter v. Yardley & Co., Ltd., Mass., 64 N.E.2d 693, it is unnecessary to consider the other exceptions taken by the libellee.

The exceptions to the libel are dismissed.