PACIFIC EMPLOYERS INS. CO. et al. v.
PARRY NAVIGATION CO., Inc. et al.
The PAUL DAVID JONES.

No. 13599.

United States Court of Appeals
Fifth Circuit.

April 1, 1952.

Chilton Bryan, Houston, Tex., for appellant.

John R. Brown, E. D. Vickery, Houston, Tex., for appellee.

Before HOLMES, RUSSELL, and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal presents the basic question of the validity of process served upon a nonresident corporation two and one-half years after it had withdrawn all of its activities from the state. It is clearly shown that the corporation was doing business in Texas of a wholly interstate character, and that the service of process relied on for jurisdictional purposes was made under Article 2031a of Vernon's Civil Statutes of Texas, the particularly applicable part of which provides that such corporation, by doing any act within the state, shall be deemed to have appointed the Secretary of State of Texas as its duly authorized agent for the service of process.

The court below made no finding as to whether or not the activities of the Parry Navigation Company were sufficient to constitute doing business in Texas within the meaning of said Article 2031a, but held that appellants' action was barred by laches, saying: "If it be held that the activities of Navigation Company in Texas prior to its final withdrawal on July 30, 1947, were sufficient to constitute the Secretary of State its Agent under such Subdivision (d), service of process could be had upon the Secretary of State under Sections 3 and 4 of such Article only during the period before Libellants' claim would be barred by laches or by analogy by the Texas Two Year Statute of Limitation * * *. The injury, if any, to Thompson occurred June 28, 1947, and the Texas Two Year Statute of Limitation ran until June 28, 1949. Hence the service on the Secretary of State on March 10, 1950, was too late." 98 F. Supp. 670.

■ The finding that service of process on the secretary of state came too late was predicated upon the hypothesis that the activities of the Parry Navigation Company were sufficient to constitute the secretary of state its agent. That hypothesis carries with it the requirement, in the event of withdrawal from the state by said corporation, that it will maintain said agent within the state "until the statutes of limitation shall have run against anyone bringing an action against said corporation, which accrued prior to its withdrawal". The effect of the just-quoted provision is that appellants' action was filed one day before it would have been barred by the Texas statute of limitation, which stopped the running of said statute if it was filed with a *bona fide* intention, coupled with reasonable diligence on the part of the plaintiffs, to obtain service upon the defendants and to prosecute the suit with force and effect, which we think it very clearly was. Laidlaw v. Oregon Ry. & Nav. Co., 9 Cir., 81 F. 876, 879; Leveille v. Eastern S. S. Lines, D.C.,

12 F.2d 486; International Pulp Equipment Company v. St. Regis Kraft Company, D. C., 54 F.Supp. 745; San Saba National Bank of San Saba v. Parker, 135 Tex. 136, 140 S.W.2d 1094; Benedict on Admiralty, Vol. II, Par. 276; Article 5526, Revised Civil Statutes of Texas; Rule 3, Federal Rules of Civil Procedure, 28 U.S.C.A.

Thus we are brought directly to the issue as to whether or not the activities of the corporation were sufficient to constitute doing business in Texas within the meaning of said Article 2031a, and we find that they were not. Parry Navigation Company was a New York corporation without any office of its own in Texas. All of its operations therein during the years 1946 and 1947 were in foreign commerce with no intrastate movement of cargoes from one port in Texas to another. All of its activities in Texas were as a carrier engaged in the movement of commerce from ports in Texas to ports in foreign countries. It had no regular agent in the state, and all of its business was conducted as a non-scheduled tramp operator, which in the steamship trade means a vessel owner who puts his ship into a port when and where he is able to obtain a cargo, generally a full cargo, without any expectation, advertisement, or holding out to the trade, of another or subsequent sailing from any indicated port. In other words, the Parry Navigation Company did a wholly transitory business for the particular vessel, there being no certainty that another would ever arrive or depart. It did not file an application for a permit to do business in Texas, but did business therein on a vessel to vessel basis, and was present there only when one of it vessels was within a port of the state.

The court below did not find that the aggregate contacts of the Parry Navigation Company with the state were sufficient to render it amenable to process by service on the secretary of state; and we find that they were not, the issue being a close one on the facts. The judgment appealed from is affirmed, and the cause remanded to the district court for further proceedings not inconsistent with this opinion. Crutcher v. Commonwealth of Kentucky, 141 U.S. 47, 11 S.Ct. 851, 35 L.Ed. 649; International Text-book Co. v. Pigg, 217 U.S. 91, 30 S.Ct. 481, 54 L.Ed. 678; International Harvester Co. of America v. Kentucky, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479; Sioux Remedy Co. v. Cope, 235 U.S. 197, 35 S.Ct. 57, 59 L.Ed. 193; International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; Butler Brothers Shoe Co. v. United States Rubber Co., 10 Cir., 156 F. 1, certiorari denied 212 U.S. 577, 29 S.Ct. 686, 53 L.Ed. 658; Street & Smith Publications Co., Inc., v. Spikes, 5 Cir., 120 F.2d 895; Shippers Pre-Cooling Service v. Macks, 5 Cir., 181 F.2d 510; Jenkins v. Lykes Bros. S. S. Co., D.C., 48 F.Supp. 848; Annotation 12 A.L.R.2d p. 1440; Sec. 2106 of the Judicial Code, 28 U.S.C. § 2106.

As to the finality of the order or judgment appealed from, see Carmack v. Panama Coca Cola Bottling Co., 5 Cir., 190 F.2d 382, 384, citing Rosenberg Bros. & Co. v. Curtis Brown Co., 260 U.S. 516, 43 S.Ct. 170, 67 L.Ed. 372; Henderson v. Richardson Co., 4 Cir., 25 F.2d 225.

Affirmed and remanded.